UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL P. BABIN | CIVIL ACTION |
| VERSUS | NO. 12-1868 |
| THE NEW ORLEANS PUBLIC BELT RAILROAD COMMISSION | SECTION "L" (2) |

## ORDER AND REASONS ON MOTION

Defendant's Motion to Set Monetary Sanctions, Record Doc. No. 62, is currently pending before me. Plaintiff filed a timely opposition memorandum. Record Doc. No. 67. Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

In this motion, defendant seeks $7,730.50 in attorneys' fees and $556.80 in costs as the monetary sanction awarded in my previous order. Record Doc. No. 60. For the following reasons, I find the requested amounts must be reduced. I therefore deny the motion insofar as it seeks those amounts, and instead grant the motion in the lower amounts provided herein.

The lodestar method is routinely used to determine attorney's fee awards in federal civil actions and applies in this case brought under a federal statute. Under the lodestar method,

> [t]he determination of a fees award is a two-step process. First the court calculates the "lodestar[,]" which is equal to the number of hours

> reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>,[1] 488 F.2d 714, 717-19 (5th Cir. 1974)[, <u>abrogated on other grounds by</u> <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989)].

<u>Jimenez v. Wood Cnty.</u>, 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted). "The lodestar may not be adjusted due to a <u>Johnson</u> factor, however, if the creation of the lodestar award already took that factor into account." <u>Heidtman v. County of El Paso</u>, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing <u>City of Burlington v. Dague</u>, 505 U.S. 557, 562 (1992); <u>Shipes v. Trinity Indus.</u>, 987 F.2d 311, 319-20 (5th Cir. 1993)). "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." <u>Abrams v. Baylor Coll. of Med.</u>, 805 F.2d 528, 535 (5th Cir. 1986) (quotation omitted); <u>accord</u> <u>Phila. Indem. Ins. Co. v. SSR Hospitality, Inc.</u>, 459 F. App'x 308, 317 (5th Cir. 2012); <u>Riley v. City of Jackson</u>, 99 F.3d 757, 760 (5th Cir. 1996).

---

[1] The <u>Johnson</u> factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. <u>Johnson</u>, 488 F.2d at 717-19.

Applying the foregoing standards, I find that the hourly rate of $175 per hour sought for the three lawyers who worked on this matter for defendant is well within (and even low or modest when compared to) the range of rates found to be reasonable in other decisions of this court. See Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008)(approving hourly rates of $202 to $312 for experienced attorneys and $67 to $112 for paralegals as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); Ranger Steel Servs., LP v. Orleans Materials & Equip., Co., No. 10-112, 2010 WL 3488236, at *1, *3 (E.D. La. Aug. 27, 2010) (Barbier, J.) (awarding the rates charged by New Orleans co-counsel of $360 in 2009 and $395 in 2010 for highly experienced partner's work); Braud v. Transp. Serv. Co., No. 05-1898, 2010 WL 3283398, at *15 (E.D. La. Aug. 17, 2010) (Knowles, M.J.) (hourly rates of $200 for attorney with 30 years of experience and $75 for paralegal "are within the low end of the range of the market rate in this area and . . . are reasonable"); Combe v. Life Ins. Co., No. 06-8909, 2008 WL 544547, at *3 (E.D. La. Feb. 27, 2008) (Livaudais, J.) (awarding $250 per hour for attorneys who had practiced for more than 20 years in the relevant legal field and $70 per hour for paralegal work).

As to the number of hours, however, the staffing of this particular task by three lawyers (when only one was involved in the subject deposition itself and, at most, two would have been sufficient for the task at hand) was excessive. As reflected in the

descriptions contained in the billing statements themselves, the resulting numbers of hours spent by the lawyers on this matter included much duplication of effort on tasks such as analyzing the transcript and video of the deposition, legal research and drafting, revising and editing the motion papers. In addition, one lawyer billed time in lump sums daily for various tasks, some of which were unrelated to the subject deposition. In these circumstances, the court may reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment. See Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996) (reducing fee award by 15%) (citing Leroy v. City of Houston, 831 F.2d 576, 586 (5th Cir. 1987) (reducing award by 13%)); Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 800 (5th Cir. 2006) (10% reduction for vagueness, duplicative work and lack of billing judgment); Hopwood v. Texas, 236 F.3d 256, 279 (5th Cir. 2000) (25% reduction based on inadequate time entries, duplicative work product and lack of billing judgment); Coulter v. State of Tenn., 805 F.2d 146, 151 (6th Cir. 1986) (50% reduction for duplication of effort); Preston Expl. Co., LP v. GSP, LLC, No. H-08-3341, 2013 WL 3229678, at *9 (S.D. Tex. June 25, 2013) (employing 50% and 20% reductions in hours). Accordingly, I have reduced the number of hours for which reimbursement will be required as follows: Talbot from 15 hours to 7.5 hours (50% reduction); Sims from 25.7 hours to 17.25 hours (33% reduction); and Holmes from 4.7 hours to 2.35 hours (50% reduction). I find that the reduced number of 27.1

hours for time spent on the subject deposition and resulting motion practice leading to the sanctions is reasonable.

Thus, the lodestar amount in this instance is $175 per hours multiplied by 27.1 hours for a total of $4,742.50.

As to the total costs sought, I find that the amounts attributable to photocopies, computer research and deposition video and transcripts are reasonable, except that the $421.30 deposition transcript expense appears to have been a combined charge for two separate depositions, when only one was the subject of the sanction. Accordingly, this line item of cost will be reduced by half (from $421.30 to $210.65), so that the total awardable costs are $346.15.

For the foregoing reasons, Ross Citti, the law firm of Youngdahl & Citti and/or plaintiff must pay defendant $5,088.65 (an amount for which all three are liable in solido; i.e., for the full amount to whatever extent the others fail to pay) to reimburse defendant for reasonable fees and expenses incurred as a result of Citti's conduct.

New Orleans, Louisiana, this ___2nd___ day of October, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE